

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEDNEL JACINTHE,

               Petitioner,

v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.   18-71817

Agency No. A213-087-082

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019[**]
Seattle, Washington

Before: IKUTA and BENNETT, Circuit Judges, and RAKOFF,[***] District Judge.

Fednel Jacinthe petitions for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

claims for asylum and withholding of removal.[1]  We have jurisdiction under 8

U.S.C. § 1252.

The BIA's determination that Jacinthe did not testify credibly is supported

by substantial evidence.  *See Kin v. Holder*, 595 F.3d 1050, 1054–55 (9th Cir.

2010).  Jacinthe gave inconsistent testimony regarding whether he went to the

hospital after being struck in the head with a piece of iron and whether, after being

struck in the head, he "pretended to pass out,"  "half passed out," or actually passed

out and was unconscious for 10 hours.  Jacinthe was unable to resolve these

inconsistencies when given an opportunity to explain.  Such inconsistencies "on

issues material to the alien's claim of persecution constitute substantial evidence

supporting an adverse credibility determination."  *Rizk v. Holder*, 629 F.3d 1083,

1088 (9th Cir. 2011).  Jacinthe also made a material omission in initially failing to

mention the Lavalas group members burning down the bakery he managed, which

---

[1] Jacinthe does not challenge the IJ's or BIA's denial of protection under the Convention Against Torture.  Accordingly, the issue has been waived.

also supports an adverse credibility finding. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011).[2]

Jacinthe does not contest that without his credible testimony, the remaining evidence is insufficient to establish that he has suffered past persecution or that he has a well-founded fear of future persecution. Therefore, his claim for withholding of removal was properly denied.

Substantial evidence supports the BIA's findings that Jacinthe was firmly resettled pursuant to 8 C.F.R. § 1208.15 and failed to show that an exception applied to him. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1151–52 (9th Cir. 2005). The government submitted a document showing that Jacinthe was offered "permanent residence" in Brazil. And Jacinthe testified that he had "permanent residency in Brazil" and lived there for three years. The one news article that Jacinthe offers in support of his argument that he was not offered permanent residency in Brazil does not compel a conclusion contrary to the one reached by the BIA. *See id.* at 1151. Substantial evidence also supports that Jacinthe did not remain in Brazil only as long as was necessary to arrange onward travel. His

_____

[2] We lack jurisdiction to address Jacinthe's arguments that inconsistencies and omissions in his testimony were the result of an ineffective interpreter at his hearing or unfair questioning, because he has failed to exhaust them by raising them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

testimony revealed that he only decided to leave Brazil after a work disagreement with his boss, which occurred after he had been living in Brazil for nearly two years. Therefore, the BIA properly denied his asylum claim.

**PETITION DENIED.**